**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| MOTIVA PATENTS, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>HTC CORPORATION,<br><br>        Defendant. | CIVIL ACTION NO. 9:18-CV-179-JRG-KFG<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT
UNDER RULE 12(B)(6)**

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................1

II.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ...................................1

III.   FACTUAL AND PROCEDURAL BACKGROUND..........................................................1

IV.   LEGAL STANDARDS .................................................................................................4

V.    ARGUMENT AND AUTHORITIES ..............................................................................5

      A.     Motiva's Indirect Infringement Allegations Should Be Dismissed For
            Failure To State A Claim. .......................................................................................5

      B.     Motiva's Willful Infringement Allegations Should Be Dismissed Because
            The Complaint Does Not Allege Subjectively Reckless Conduct.........................12

VI.   CONCLUSION............................................................................................................13

# TABLE OF AUTHORITIES

## Cases

*Am. Vehicular Sciences LLC v. Mercedes-Benz U.S. In't, Inc.,*
No. 6:13-CV-307 MHS-JDL, 2014 WL 10291478 (E.D. Tex. Feb. 7,
2014) ................................................................................................................ 13

*American Pats. LLC v. Analog Devices, Inc.,*
No. 6:18-cv-00356-ADA .................................................................................. 7

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...................................................................... 5, 6, 12, 13

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) .......................................................................................... 5

*Bush Seismic Techs. LLC v. Global Geophysical Servs. Inc.,*
No. 2:15-cv-01809-JRG, 2016 WL 9115381 (E.D. Tex. Apr. 13, 2016) ........... 9

*Core Wireless Licensing S.A.R.L. v. Apple Inc.,*
No. 6:14-CV-00752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14,
2015) ....................................................................................................... 10, 13

*DSU Med. Corp. v. JMS Co.,*
471 F.3d 1293 (Fed. Cir. 2006) ................................................................. 9, 11

*Fall Line Pats., LLC v. Pizza Hut, LLC,*
No. 6:18-cv-00406-RWS .................................................................................. 7

*Global-Tech Appliances, Inc. v. SEB S. A.,*
563 U.S. at 760 (2011) ................................................................................ 8, 10

*Halo Elec., Inc. v. Pulse Elec., Inc.,*
136 S. Ct. 1923 (2016) .................................................................................... 14

*In re Bill of Lading,*
681 F.3d 1323 (Fed. Cir. 2012) ................................................................. 11, 12

*In re Seagate Technology, LLC,*
497 F.3d 1360 (Fed. Cir. 2007), *overruled on other grounds by Halo,* 136
S. Ct. 1923 .................................................................................................... 14

*Jefferson v. Lead Indus. Assoc., Inc.,*
106 F.3d 1245 (5th Cir. 1997) .......................................................................... 8

*Memorial Hermann Health Sys. v. Snyder*,
 No. 9:15-cv-00135, 2016 WL 5661547 (E.D. Tex. Sept. 9, 2016) ................................... 8

*Motiva Pats., LLC v. Facebook Techs., LLC*,
 No. 9:18-cv-00178-JRG-KFG (E.D. Tex. Oct. 3, 2018) ................................. 2, 7

*Motiva Pats., LLC v. Sony Corp.*,
 No. 9:18-cv-00180-JRG-KFG (E.D. Tex. Oct. 3, 2018) ................................. 2, 7

*Nobelbiz, Inc. v. Insidesales.com, Inc.*,
 No. 6:13-cv-00360-MHS, 2014 WL 12378804 (E.D. Tex. Oct. 14, 2014) ...................... 11

*Norman IP Holdings, LLC v. TP-Link Techs.*, Co.,
 No. 6:13-cv-00384-LED-JDL, 2014 WL 12378807 (E.D. Tex. Mar. 5,
 2014) ........................................................................................................................ 13

*Opticurrent, LLC v. Power Integrations, Inc.*,
 No. 2:16-CV-00325-JRG, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016) ................. 14, 15

*Plectrum LLC v. Nokia USA Inc.*,
 No. 4:17-cv-00140-ALM ...................................................................................... 7

*Tierra Intellectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*,
 No. 2:13-cv-00044-JRG, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014) .......................... 8

*Tierra Intellectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*,
 No. 2:13-cv-00038-JRG, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014) .............................. 9

*Vita-Mix Corp. v. Basic Holding, Inc.*,
 581 F.3d 1317 (Fed. Cir. 2009) ....................................................................... 9, 11, 12

## Statutes

35 U.S.C. § 271(a) ................................................................................................................. 3

35 U.S.C. § 283 (2012) ...................................................................................................... 14

## Rules

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1, 5, 6

Fed. R. Civ. P. 8(a)(2) .......................................................................................................... 5

## I.       INTRODUCTION

Under Federal Rule of Civil Procedure 12(b)(6), Defendant HTC Corporation ("HTC") moves to dismiss the Original Complaint for Patent Infringement ("Complaint") filed by Plaintiff Motiva Patents, LLC ("Motiva").  Even considering all reasonable inferences in Motiva's favor, there can be no plausible allegation that HTC indirectly infringed United States Patent Nos. 7,292,151 ("the '151 patent"), 7,952,483 ("the '483 patent"), 8,159,354 ("the '354 patent"), 8,427,325 ("the '325 patent"), or 9,427,659 ("the '659 patent") (collectively, the "asserted patents"); or that any alleged infringement is willful.

Therefore, HTC's motion should be granted in its entirety.

## II.      STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

The Motion presents the following issues:

(1) Whether Motiva's allegations of indirect infringement should be dismissed for failure to state a claim upon which relief can be granted because the Complaint does not sufficiently allege that (a) HTC had pre-suit knowledge of the asserted patents; (b) HTC has and/or had the requisite intent that others directly infringe the asserted patents; and (c) the accused products lack substantial non-infringing uses.

(2) Whether Motiva's allegations of willful infringement should be dismissed for failure to state a claim upon which relief can be granted because the Complaint does not allege the requisite pre-suit knowledge or egregious misconduct.

## III.     FACTUAL AND PROCEDURAL BACKGROUND

Motiva filed this case on October 3, 2018, alleging that HTC directly and indirectly infringes certain claims of the asserted patents.  *See* Dkt. No. 1.  On the same day, Motiva filed

nearly identical complaints against Facebook Technologies, Sony Corporation, and Sony Interactive Entertainment.[1]

Motiva accuses HTC's Vive, Vive Pro, and Vive BE Virtual Reality System of infringing various claims of the asserted patents. *See* Dkt. No. 1 ¶¶ 10-11, 22-23, 36-37, 49-50, 60-61. For each asserted patent, the Complaint pleads direct infringement by reciting elements of 35 U.S.C. § 271(a) and then merely parroting the components of the claim. For example,

> 10. Defendant made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems, including . . . [the] "Accused Vive Products"[.]

> 11. By doing so, Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 28 of the '151 Patent. Defendant's infringement in this regard is ongoing.

> 12. HTC has infringed the '151 Patent by making, having made, using, importing, providing, supplying, distributing, selling, or offering for sale systems for tracking movement of a user.

> 13. The accused products include a first communication device comprising a transmitter for transmitting signals, a receiver for receiving signals and an output device, said first communication device adapted to be hand-held.

> 14. The accused products include a processing system, remote from the first communication device, for wirelessly receiving said transmitted signals from said first communication device, said processing system adapted to determine movement information for said first communication device and sending data signals to said first communication device for providing feedback or control data.

> 15. The accused products include wherein said first communication device receives and processes said data signals from said processing system and wherein the output device provides sensory stimuli according to the received data signals.

> 16. The accused products include a second communication device, adapted to be hand held, in electrical communication with the first communication device,

---

[1] *See Motiva Pats., LLC v. Facebook Techs., LLC*, No. 9:18-cv-00178-JRG-KFG (E.D. Tex. Oct. 3, 2018) (asserting identical claims for all asserted patents); *Motiva Pats., LLC v. Sony Corp.*, No. 9:18-cv-00180-JRG-KFG (E.D. Tex. Oct. 3, 2018) (asserting claim 49 of the '354 patent and identical claims for the '151, '483, '325, and '659 patents).

with the processing system adapted to determine movement information of the second communication device relative to the first communication device.

17.    The accused products include wherein said processing system is adapted to determine movement information for both said first and second communication devices and to calculate a displacement vector from said movement information.

*Id.* ¶¶ 10-17; *see also id.* ¶¶ 22-31, 36-44, 49-55, 60-65.

Besides its conclusory allegations of direct infringement, the Complaint provides even more scant allegations of induced infringement. *Id.* ¶¶ 68-69.  The Complaint sandwiches a recital of generic, non-specific business activities between a description of the legal standard:

68.    Defendant has also indirectly infringed the Asserted Patents by inducing others to directly infringe the Asserted Patents.  Defendant has induced the end-users, Defendant's customers, to directly infringe (literally and/or under the doctrine of equivalents) the Asserted Patents by using the accused products.  Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the patents-in-suit, including, for example, Claim 28 of the '151 Patent, Claim 44 of the '483 Patent, Claim 32 of the '354 Patent, Claim 1 of the '325 Patent, and Claim 45 of the '659 Patent.  Such steps by Defendant included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner.    Defendant is performing these steps, which constitute induced infringement with the knowledge of the Asserted Patents and with the knowledge that the induced acts constitute infringement.  Defendant is aware that the normal and customary use of the accused products by Defendant's customers would infringe the Asserted Patent. Defendant's inducement is ongoing.

*Id.* ¶ 68; *see also* ¶ 69 (similarly arranged, but alleging induced infringement through unnamed affiliates (and other unnamed entities) "importing, selling, or offering to sell the accused products").

In the same vein, the Complaint provides a single additional paragraph alleging contributory infringement that merely recites the statutory requirements without any factual basis:

70.   Defendant has also indirectly infringed by contributing to the infringement of the Asserted Patents.  Defendant has contributed to the direct infringement of the Asserted Patents by the end-user of the accused products.  The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the Asserted Patents, including, for example, Claim 28 of the '151 Patent, Claim 44 of the '483 Patent, Claim 32 of the '354 Patent, Claim 1 of the '325 Patent, and Claim 45 of the '659 Patent.  The special features include, for example, a processing system that receives wireless signals from a remote communication device and determines movement information for the remote communication device that is used in a manner that infringes the Asserted Patents.  The special features constitute a material part of the invention of one or more of the claims of the Asserted Patents and are not staple articles of commerce suitable for substantial non-infringing use.  Defendant's contributory infringement is ongoing.

*Id.* ¶ 70.  The Complaint provides no other factual assertions supporting its allegations of indirect infringement.  For knowledge of the asserted patents, the Complaint states, without support, that HTC "[is performing/performed] steps . . . with knowledge of the Asserted Patents," but also alleges that HTC "has knowledge of the Asserted Patents at least as of the date when it was notified of the filing of this action."  *Id.* ¶¶ 68-69, 71.  The Complaint contains no other factual allegations of knowledge, tacitly conceding that HTC had no pre-suit knowledge of the asserted patents.

Despite HTC's lack of pre-suit knowledge, Motiva alleges that HTC's "direct and indirect infringement of the Asserted Patents is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Motiva's rights under the patent [sic]."  *Id.* ¶ 74.  The only alleged support for Motiva's contention is that HTC has been "willfully blind of Motiva's patent rights" due to "a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others)."  *Id.* ¶ 72.  That conclusory allegation, however, is baseless and unsupported by any assertion of fact.

## IV.   LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Although detailed factual allegations are not required, the pleaded facts must, when accepted as true, state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In other words, the pleaded facts must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.  "**Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice**." *Id.* (emphasis added).  "**A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do**.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (emphasis added).

## V.      ARGUMENT AND AUTHORITIES

### A.      Motiva's Indirect Infringement Allegations Should Be Dismissed For Failure To State A Claim.

Motiva's allegations of indirect infringement should be dismissed because the Complaint does not state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  *First*, the Complaint's basis for claiming pre-suit indirect infringement—both induced and contributory infringement—should be dismissed because there is no sufficient allegation that HTC had pre-suit knowledge of the asserted patents.  *Second*, the allegation of induced infringement should be dismissed because the Complaint fails to sufficiently allege that HTC has and/or had the requisite intent to induce others to infringe the asserted patents directly.  *Third*, the assertion of contributory infringement should be dismissed because it merely provides a conclusory assertion that the accused products lack substantial non-infringing uses.

### 1.      Motiva's pre-suit indirect infringement allegations should be dismissed because the Complaint does not allege pre-suit knowledge.

The Complaint fails to allege facts sufficient to support a "plausible inference" of pre-suit indirect infringement because it does not allege that HTC had knowledge of the asserted patents before the Complaint was filed.  *See Iqbal*, 556 U.S. at 682.  The Complaint asserts that HTC "**has**

**. . . indirectly infringed** . . . by inducing . . . end-users . . . to directly infringe . . . the Asserted Patents" and that "[HTC]'s inducement is ongoing."  Dkt. No. 1 ¶ 68 (emphasis added).  The Complaint also alleges that HTC "**has also induced** its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf, to directly infringe . . . the Asserted Patents" and that "[HTC]'s inducement is ongoing."  *Id.* ¶ 69 (emphasis added).  And the Complaint alleges that HTC "**has also indirectly infringed** by contributing to the infringement of the Asserted Patents" and that "[HTC]'s contributory infringement is ongoing."  *Id.* ¶ 70 (emphasis added).

Motiva fails, however, to allege any facts from which any inference could be drawn that HTC had any pre-suit knowledge of the asserted patents.  The Complaint's allegations of induced infringement merely state the legal standard that HTC performed steps "with the knowledge of the Asserted Patents."  *Id.* ¶¶ 68-69.[2]  But the Complaint does not plead any facts in support of this conclusory allegation.  In fact, the Complaint later alleges that "[HTC] has knowledge of the Asserted Patents at least as of the date when it was notified of the filing of this action."  *Id.* ¶ 71.  In other words, Motiva tacitly concedes that HTC did not have pre-suit knowledge of the asserted patents.  Despite that concession, Motiva alleges without any factual support that, "on information and belief, [HTC] has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Motiva's patents rights."  *Id.* ¶ 72.  That assertion is unsupported and does not give rise to a plausible inference that HTC maintains a corporate policy of willful blindness regarding patent

---

[2] The Complaint's allegations of contributory infringement are silent regarding pre-suit knowledge of the asserted patents.  *See id.* ¶ 70.

Footnote continued on next page

rights, and it cannot support a claim for pre-suit indirect infringement.[3]  *See Jefferson v. Lead Indus. Assoc., Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *see also Memorial Hermann Health Sys. v. Snyder*, No. 9:15-cv-00135, 2016 WL 5661547, at *3 (E.D. Tex. Sept. 9, 2016) (Hawthorn, Mag. J.) ("It is well-established that conclusory allegations cannot prevent a motion to dismiss.").

Because both induced and contributory infringement require a showing that the defendant had knowledge of the asserted patents during the period of alleged infringement, the Complaint fails to plead a sufficient allegation of pre-suit indirect infringement.  *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-766 (2011); *see also Tierra Intellectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*, No. 2:13-cv-00044-JRG, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014) (Gilstrap, J.) (holding that "of course . . . [a defendant] cannot be held liable for induced

---

[3] Motiva's lack of a good-faith basis is underscored by the fact that plaintiff's counsel routinely includes substantially the same conclusory allegation in other complaints filed in this District, including the two related cases.  *See, e.g.*, *Motiva Pats., LLC v. Facebook Techs., LLC*, No. 9:18-cv-00178-JRG-KFG, Dkt. No. 1 ¶ 72 (E.D. Tex. Oct. 3, 2018) ("Furthermore, on information and belief, [Facebook] has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Motiva's patent rights."); *Motiva Pats., LLC v. Sony Corp.*, No. 9:18-cv-00180-JRG-KFG, Dkt. No. 1 ¶ 72 (E.D. Tex. Oct. 3, 2018) ("Furthermore, on information and belief, [Sony] has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Motiva's patent rights."); *American Pats. LLC v. Analog Devices, Inc.*, No. 6:18-cv-00356-ADA, Dkt. No. 1 ¶ 71 (E.D. Tex. Dec. 6, 2018) ("Furthermore, [Analog Devices] have a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of American Patents' patent rights."); *Fall Line Pats., LLC v. Pizza Hut, LLC*, No. 6:18-cv-00406-RWS, Dkt. No. 1 ¶ 28 (E.D. Tex. Aug. 15, 2018) (Furthermore, on information and belief, [Pizza Hut] has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Fall Line's patent rights."); *Plectrum LLC v. Nokia USA Inc.*, No. 4:17-cv-00140-ALM, Dkt. No. 1 ¶ 63 (E.D. Tex. Feb. 24, 2017) ("Furthermore, [Nokia] has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plectrum's patent rights.").

infringement for conduct **occurring prior to its knowledge of the patents-in-suit**" (emphasis added)).  This Court has previously dismissed similar claims of indirect infringement that rely exclusively on post-suit knowledge of the asserted patents.  *See Bush Seismic Techs. LLC v. Global Geophysical Servs. Inc.*, No. 2:15-cv-01809-JRG, 2016 WL 9115381, at *3 (E.D. Tex. Apr. 13, 2016) (Gilstrap, J.) (finding that, "[s]ince [plaintiff]'s . . . induced infringement claims . . . are grounded exclusively in [defendant]'s post-filing conduct, these claims must be dismissed").  As a result, Motiva's allegations of pre-suit indirect infringement should be dismissed here.

2.   Motiva's induced infringement allegations should be dismissed because the Complaint does not support a plausible inference that HTC specifically intends to cause others to directly infringe the asserted patents.

To plead induced infringement adequately, a complaint "must plausibly allege (1) that a third party, or the defendant in combination with a third party, has performed acts sufficient to constitute infringement; (2) that the defendant knew of the patent and that the acts in question would infringe; and (3) that the defendant had specific intent to encourage the third party's infringement."  *Tierra Intellectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, No. 2:13-cv-00038-JRG, 2014 WL 894805, at *2 (E.D. Tex. Mar. 4, 2014) (Gilstrap, J.).  The specific intent necessary to induce infringement "requires more than just intent to cause the acts that produce direct infringement . . . the inducer must have **an affirmative intent to cause direct infringement**."  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (emphasis added); *see also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (requiring "specific intent to encourage another's infringement of the patent").  There must be some showing of the defendant taking "affirmative steps to bring about the desired result [of infringement]."  *Global-Tech*, 563 U.S. at 760.

Besides Motiva's failure to plead pre-suit knowledge of the asserted patents, the Complaint's induced infringement allegations (both pre- and post-suit) fail to support a plausible

inference that HTC specifically intends or intended to cause its customers or affiliates to infringe the asserted patents.  As an initial matter, the Complaint does not identify with any specificity any direct infringer, but merely refers to abstract "end-users;" "customers;" and unnamed "affiliates, [] third-party manufacturers, shippers, retailers, or other persons acting on [HTC's] or [HTC's] affiliates' behalf."  Dkt. 1 ¶¶ 68-69.  And with respect to these un-specified third-parties, the Complaint provides only boilerplate assertions, alleging merely that HTC (1) "took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the patents-in-suit," and (2) "took active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, sell, or offer to sell the accused products in a manner that infringes one or more claims of the patents-in-suit."  *Id.*  The Complaint fails to identify any actual, specific steps purportedly taken by HTC.  Instead, the Complaint simply adds the phrase "in an infringing manner" to its list of generic business activities.  It fails to provide any actual example of any purportedly infringing behavior by HTC.  *See id.*

"[G]eneric allegations that [HTC] provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim."  *See Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-00752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015) (Gilstrap, J.).  At most, Motiva's allegations support an inference that HTC made and sold a product through its affiliates and that it intended its customers to purchase and use the product—and nothing more.  That is insufficient to state a claim for induced infringement.  *DSU Med. Corp.*, 471 F.3d at 1306 (Fed. Cir. 2006) (finding that the specific intent necessary to induce infringement "requires more

9

than just intent to cause the acts that produce direct infringement"); *see also Vita-Mix*, 581 F.3d at

1328 ("[T]he mere knowledge of possible infringement will not suffice.").

Because the Complaint fails to support a plausible inference that HTC specifically intended

to cause its customers or affiliates to infringe the asserted patents, Motiva's induced infringement

allegations, both pre- and post-suit, should be dismissed for failure to state a claim.

> 3.  <u>Motiva's contributory infringement allegations should be dismissed because the Complaint merely provides conclusory legal assertions devoid of any factual allegations.</u>

To adequately plead contributory infringement, a complaint must allege that the defendant

"(1) [] sells or offers to sell a material or apparatus for use in practicing a patented process; (2) that

is material to practicing the invention; (3) which has no substantial non-infringing use; and (4) is

known by the party 'to be especially made or especially adapted for use in an infringement of such

patent.'" *Nobelbiz, Inc. v. Insidesales.com, Inc.*, No. 6:13-cv-00360-MHS, 2014 WL 12378804,

at \*2 (E.D. Tex. Oct. 14, 2014) (Schneider, J.) (quoting *In re Bill of Lading*, 681 F.3d 1323, 1337

(Fed. Cir. 2012)).  A substantial non-infringing use is one that is "not unusual, far-fetched, illusory,

impractical, occasional, aberrant, or experimental." *Vita-Mix*, 581 F.3d at 1327.  The relevant

inquiry is "whether the accused products can be used for purposes **other than** infringement." *In

re Bill of Lading*, 681 F.3d at 1338 (emphasis in original).

Besides Motiva's failure to plead pre-suit knowledge of the asserted patents, the

Complaint's contributory infringement allegations (both pre- and post-suit) should be dismissed

because they are "threadbare recitals" of the required elements. *See Iqbal*, 556 U.S. at 678.  The

totality of the Complaint's contributory infringement allegations consists of a single paragraph:

> 70.    Defendant has also indirectly infringed by contributing to the infringement of the Asserted Patents.  Defendant has contributed to the direct infringement of the Asserted Patents by the end-user of the accused products.  **The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that**

**infringe the Asserted Patents**, including, for example, Claim 28 of the '151 Patent, Claim 44 of the '483 Patent, Claim 32 of the '354 Patent, Claim 1 of the '325 Patent, and Claim 45 of the '659 Patent.  The special features include, for example, a processing system that receives wireless signals from a remote communication device and determines movement information for the remote communication device that is used in a manner that infringes the Asserted Patents. **The special features constitute a material part of the invention of one or more of the claims of the Asserted Patents and are not staple articles of commerce suitable for substantial non-infringing use**.    Defendant's contributory infringement is ongoing.

Dkt. No. 1 ¶ 70 (emphasis added).

That "formulaic recitation" of the substantial non-infringing use element fails to state a claim for relief.  The extent of the Complaint's allegations is that the accused products "have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the Asserted Patents," and that the "special features constitute a material part of the invention of one or more of the claims of the Asserted Patents and are not staple articles of commerce suitable for substantial non-infringing use." *Id.*  Motiva's "special feature" allusion **does not even refer to any particular accused product**, but instead simply parrots the language of a single claim limitation from among the five asserted patents.  The Complaint provides no discussion or factual support that would allow the Court "to draw [a] reasonable inference that [HTC] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  With similar allegations suffering from "such a lack of clarity and specificity," this Court has previously concluded that "it is impossible to derive a plausible inference that the accused hardware/software has no substantial non-infringing uses." *Core Wireless*, 2015 WL 5000397, at *5; *see also Norman IP Holdings, LLC v. TP-Link Techs.*, Co., No. 6:13-cv-00384-LED-JDL, 2014 WL 12378807, at *4 (E.D. Tex. Mar. 5, 2014) (dismissing claims for contributory infringement where the "extent of [the plaintiff]'s relevant allegation is that 'the infringing controllers have no substantial non-infringing uses'"); *Am. Vehicular Scis.*, 2014 WL 10291478,

at *4 (dismissing claim for contributory infringement that only provided a "broad assertion that the 'Infringing Systems' are not suitable for substantial noninfringing use" and "fail[ed] to include any discussion of other potential uses of the asserted products").  Motiva's claims for contributory infringement, both pre- and post-suit, should therefore be dismissed.

### B.    Motiva's Willful Infringement Allegations Should Be Dismissed Because The Complaint Does Not Allege Subjectively Reckless Conduct.

Willful conduct is by definition "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elec., Inc. v. Pulse Elec., Inc.*, 136 S. Ct. 1923, 1932 (2016).  In assessing an allegation of willful infringement, courts consider "[t]he subjective willfulness of a patent infringer, intentional or knowing . . . without regard to whether his infringement was objectively reckless." *Id.* at 1933.  And when a claim for willful infringement is included in an original complaint, it must be grounded in the alleged infringer's pre-filing conduct. *See In re Seagate*, 497 F.3d 1360, 1374 (Fed. Cir. 2007), *overruled on other grounds by Halo*, 136 S. Ct. 1923 ("So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."); *see also Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-00325-JRG, 2016 WL 9275395, at *2 (E.D. Tex. Oct. 19, 2016) (Gilstrap, J.) (same).  "Therefore, pre-suit knowledge of the asserted patent is generally required to maintain a claim of willfulness." *Opticurrent*, 2016 WL 9275395, at *2.

Here, the Complaint wholly fails to allege any conduct of HTC that could be "characteristic of a pirate." *See Halo*, 136 S. Ct. at 1935 (enhanced damages are limited "to egregious cases of misconduct beyond typical infringement").  As discussed above, Motiva does not allege—because it cannot—that HTC had pre-suit knowledge of the asserted patents.  And the Complaint recites threadbare, conclusory allegations that HTC's infringement "has been, and continues to be willful,

intentional, deliberate, and/or in conscious disregard of Motiva's rights under the patent[s]." Dkt. No. 1 ¶ 74. Those bald allegations are insufficient to support a claim of willfulness. *See Opticurrent,* 2016 WL 9275395, at *2 (dismissing a claim of willfulness where plaintiff made no effort to allege pre-suit notice, did not seek a preliminary injunction, and plaintiff's willfulness allegations were limited to a single statement). Because Motiva has failed to allege pre-filing misconduct (and has not sought a preliminary injunction), its allegations of willful infringement should be dismissed.

## VI.    CONCLUSION

For the foregoing reasons, HTC respectfully requests that the Court dismiss Motiva's allegations of indirect infringement and its allegations of willful infringement.

Dated:  December 17, 2018                    Respectfully submitted,

                                             */s/ Fred I. Williams*
                                             Fred I. Williams *(Lead Attorney)*
                                             State Bar No. 00794855
                                             fwilliams@velaw.com
                                             Mario A. Apreotesi
                                             State Bar No. 24080772
                                             mapreotesi@velaw.com
                                             VINSON & ELKINS LLP
                                             2801 Via Fortuna, Suite 100
                                             Austin, TX  78746
                                             512.542.8400 telephone
                                             512.542.8610 facsimile

                                             Todd E. Landis
                                             State Bar No. 24030226
                                             tlandis@velaw.com
                                             VINSON & ELKINS LLP
                                             2001 Ross Avenue, Suite 3700
                                             Dallas, TX  75201
                                             214.220.7700 telephone
                                             214.220.7716 facsimile

                                             Harry L. Gillam, Jr.
                                             State Bar No. 07921800
                                             GILLAM & SMITH LLP
                                             303 South Washington Avenue
                                             Marshall, TX  75670
                                             903.934.8450 telephone
                                             903.934.9257 facsimile
                                             gil@gillamsmithlaw.com

                                   **ATTORNEYS FOR HTC CORPORATION**

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 17th day of December, 2018, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

                                             */s/ Fred I. Williams*
                                             Fred I. Williams